UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

THIRPLUS TINO MOOSE-BEY,
a.k.a. THIRPLUS MOOSE,

    Plaintiff,

v.

UNITED STATES OF AMERICA, ET AL.,

    Defendants.

Civil Action No. 6:18-317-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

In 2012, Thirplus Moose pled guilty to conspiracy to commit bank robbery, armed bank robbery with forcible restraint, and the use or discharge of a firearm during a crime of violence. *See United States v. Moose*, No. 4:08-cr-262-GAF-2 (W.D. Mo. 2008). The trial court then sentenced Moose to 420 months in prison. *See id.* Moose waived the right to appeal his conviction or sentence. The waiver was upheld on direct appeal. *See id.*

Moose then filed multiple petitions for writs of habeas corpus. He argued in these petitions that, among other things, the federal court lacked jurisdiction in his criminal case. The United States District Court for the Central District of Illinois repeatedly denied the petitions as frivolous. *See Moose v. United States*, No. 1:16-cv-01296-JEW (C.D. Ill. 2016); *Moose v. United States*, No. 1:16-cv-01347 (C.D. Ill. 2016); *Moose v. United States*, No. 1:16-cv-01403-JBM (C.D. Ill. 2016). Moose then filed another habeas petition with this Court, and he confusingly claimed that his alleged crimes were "not committed within the territorial jurisdiction of the United States" because "jurisdiction of land and/or property within state boundaries belongs to the state to enforce its criminal laws and the United States cannot assume jurisdiction without filing a notice of acceptance with the Governor of the State." This Court denied Moose's petition as baseless. *See Moose v. Butler*, No. 6:17-cv-057-DCR at R. 7 (E.D. Ky. 2017).

Moose has now filed a complaint with this Court, and he lists the United States, multiple law enforcement agencies, and several federal public officials as defendants. [R. 1]. While Moose's submission is very difficult to follow, he appears to be reasserting the same jurisdictional arguments that this Court and other federal courts have already rejected. Indeed, Moose repeatedly refers to the Governor of Missouri, "lands of the locus in quo, where the alleged crimes occurred," and the alleged lack of "federal jurisdiction and/or territorial jurisdiction over [those] lands." [*Id.* at 3-4].

This Court has thoroughly reviewed Moose's submission pursuant to 28 U.S.C. § 1915A, and it is clear that his complaint is frivolous and fails to state a claim upon which relief may be granted. *See also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (making it clear that a district court may also *sua sponte* dismiss a complaint if the allegations contained within it are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Accordingly, it is **ORDERED** as follows:

1. Moose's complaint [R. 1] is **DISMISSED** with prejudice.
2. All pending motions are **DENIED** as moot.
3. This matter is **STRICKEN** from the Court's docket.
4. The Court will enter an appropriate Judgment.

Dated December 17, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY